# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RHEA KIPER**

**VERSUS**

**ASCENSION PARISH SCHOOL BOARD**

**CIVIL ACTION**

**14-313-JWD-SCR**

## RULING

Before the Court are cross motions for summary judgment[1]. Plaintiff, Rhea Kiper, proceeding *pro se,* claims that her employer, the Ascension Parish School Board ("APSB"), and various named APSB supervisors and administrators, subjected the Plaintiff to a hostile work environment, harassment, and retaliation in violation of Title VII of the Civil Rights Act.[2]

The Defendants, Ascension Parish School Board, Superintendent, Patrice Pujol, Human Resources Director, Randy Watts, Principal, Dina Davis, and Assistant Principal, Marguerite Ruiz, move for summary judgment on the Plaintiff's official capacity and individual capacity claims against the individual defendants. APSB moves for summary judgment on the grounds that there was no adverse employment action taken against the Plaintiff and that its employment actions were motivated solely by legitimate non-discriminatory business reasons.[3] *Pro Se* Plaintiff moves for summary judgment on liability and damages for violations of Title VII against the APSB and the individual Defendants.[4]

---

[1] Rec. Docs. 15 and 19.
[2] Rec. Doc. 1.
[3] Rec. Doc. 18.
[4] Rec. Doc. 15.

## HISTORY AND BACKGROUND

In her *Complaint*[5], the Plaintiff makes purely conclusory allegations that she was subjected to harassment, retaliation, and a hostile work environment by the APSB and the individual Defendants. Plaintiff filed an EEOC complaint and was issued a Right to Sue Letter on February 25, 2014, following which she instituted the captioned proceedings on 5/20/2014[6].

The *Statement of Undisputed Material Facts*[7] offered in support of summary judgment by the Defendants establishes the following. The Plaintiff, Rhea Kiper, was a teacher employed by the APSB at Prairieville Middle School for the 2012-2013 school year. At the end of the 2012-2013 school year, Prairieville Middle School Principal, Dina Davis, recommended that Ms. Kiper's employment be terminated due to failure to obtain highly qualified status and due to Kiper's excessive tardiness.[8] Thereafter, APSB Superintendent, Patrice Pujol, informed Kiper by certified mail that the APSB was considering terminating her employment due to habitual tardiness.[9] On July 9, 2013, the Plaintiff resigned from her employment with APSB stating that she was "resigning for personal reasons."[10]

At different times prior to her resignation, the Plaintiff requested documents and information pertaining to her classroom observations. Plaintiff appears to contend that she was constructively discharged because she attempted to obtain information regarding her

---

[5] Rec. Doc. 1.
[6] Rec. Doc. 1.
[7] Which were not traversed or otherwise opposed by the Plaintiff.
[8] The Affidavits of Patrice Pujol, Superintendent for APSB and Randy Watts, the Director of Human Resources for APSB, attests that "a review of timesheets in Ms. Kiper's personnel file indicates she was late for work 79 times during the 2012-2013 school year." Rec. Docs. 19-6 and 19-16. These attestations were not countervailed nor contested by the Plaintiff.
[9] Rec. Doc. 19-5.
[10] Rec. Doc. 19-18, Exhibit E.

observations and because of her attempts to lodge employment grievances.[11] The Defendants deny that any adverse employment action was taken against the Plaintiff and additionally contend that their employment actions were warranted owing to the Plaintiff's excessive tardiness.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate where the movant demonstrates an absence of genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. The court views facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-movant.[12] In opposing a properly advanced motion for summary judgment, the non-movant must set forth specific facts showing that there is a genuine issue for trial. The court is under no obligation to search the record for material factual issues. "Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [his/her] claim".[13] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment."[14] A liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts.[15] The court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs**.**

---

[11] The Plaintiff's *Complaint* is conclusory and her summary judgment filings are difficult to comprehend. The Court will construe the *pro se* Plaintiff's filings liberally. *Perez v. U.S.,* 312 F.3d 191, 194–95 (5th Cir. 2002).
[12] *Glaindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985).
[13] *RSR Corp v. International Insurance Company*, 612 F.3d 851, 857 (5th Cir. 2010).
[14] *Nat'l Ass'n of Gov't Employees v. City Public Service Board of San Antonio Texas*, 40 F.3d 698, 713 (5th Cir. 1994).
[15] *Callahan v. C.I.R.,* Civ. A. 99–0295–C–M1, 2000 WL 1141607, at *1 (M.D.La. Apr.10, 2000).

**II.     Title VII Discrimination**

Title VII of the Civil Rights Act prohibits discrimination by employers "against any individual with respect to [his/her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."[16]

A.  Claims Against the Individual Defendants

Defendants argue that the Plaintiff has no legal right of action against any of the individual Defendants in either their official or individual capacities.  Defendants erroneously rely on 42 U.S.C. §1983 case law to support their proposition.  Notwithstanding that the jurisprudence cited by the Defendants is largely inapposite to the Title VII claims plead herein, the result is the same, and for the following reasons the Court finds that the Plaintiff's claims against the individual defendants must be dismissed.

Title VII prohibits an "employer" from discriminating against an employee on the basis of race, color, religion, sex, or national origin.  As defined in Title VII, an employer includes any "person engaged in an industry effecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks….".  It is well settled that public officials such as the individual Defendants named in this suit have no personal or individual liability under Title VII.  The Fifth Circuit has expressly concluded that "Title VII does not permit the imposition of liability upon individuals unless they meet Title VII's definition of 'employer'."[17] Because an official capacity suit against a supervisor or official is actually a suit against the employer, "a plaintiff may not maintain a Title VII action against both an employer and its agent

---

[16] Civil Rights Act of 1964, 42 U.S.C. §2000e-2 (1964).
[17] Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994).

4

in an official capacity,"[18] because the employer could effectively be held liable twice for the same act.[19]

Likewise, the Fifth Circuit has consistently held that there is no individual liability for employees under Title VII. Civil liability under Title VII can only be assessed against an employer.[20] The individual defendants are not employers as defined by Title VII. Under the settled law of this circuit interpreting Title VII, the individual Defendants, Patrice Pujol, Randy Watts, Dina Davis, and Marguerite Ruiz, have no liability under Title VII in their individual or official capacities and shall be dismissed accordingly.

B. Employment Discrimination Prima Facie Case

Intentional discrimination under Title VII can be proven either by direct or circumstantial evidence. In this case, Kiper has not presented any direct evidence of discrimination. Accordingly, the Court will employ the *McDonnell Douglas* burden-shifting analysis.[21] However, even under the *McDonnell Douglas* burden-shifting analysis, the plaintiff must still demonstrate a *prima facie* case of discrimination. To establish a prima facie case of employment discrimination, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) either she was replaced with a person who is not a member of a protected class, or she was treated differently than others who were not in the protected class but were similarly situated[22].

If the plaintiff establishes a *prima facie* case, the defendant may rebut a presumption of discrimination by articulating a legitimate non-discriminatory reason for its employment

---

[18] *Smith v Amedysis, Inc.* 298 F. 3d 434,448 (5th Cir. 2002)
[19] *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999).
[20] *Miller v. Maxwell's Intern. Inc.,* 991 F.3d 583, 587 (5th Cir.1993).
[21] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[22] *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003); *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 941 (5th Cir. 2005).

action.[23] If the defendant meets its burden of proving a legitimate non-discriminatory reason, the plaintiff must come forward with sufficient summary judgment evidence which creates a genuine issue of material fact that the defendant's stated reason is a mere pretext for discriminatory conduct.[24]

### 1. Protected Class

Significantly, the Plaintiff fails to allege that she is a member of a protected class. Her pleadings are utterly silent on her race, ethnicity, or religion. The only thing which can be gleaned from the Plaintiff's pleadings is her gender. Utterly, the only reference to the Plaintiff's claimed protected class is in the EEOC's Right to Sue letter, which was attached to the Plaintiff's *Complaint* and references the Plaintiff's race as "black." Because the Plaintiff is *pro se*, the Court will analyze the Plaintiff's claims as alleging employment discrimination and retaliation based on her race.

### 2. Plaintiff's Qualifications

The Defendants do not dispute that the Plaintiff was qualified for her position as a school teacher at Ascension Parish Middle School. Hence, the Court finds that the first two elements of the Plaintiff's *prima facie* case are established.

### 3. Adverse Employment Action

Ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating are adverse employment actions.[25] The Plaintiff does not allege any facts suggestive of adverse employment action in her *Complaint*. APSB argues that the Plaintiff has failed to demonstrate that she was subject to an adverse employment action. However, by way of the Defendants' summary judgment evidence, it was established that the Plaintiff resigned after

---
[23] *McDonnell Douglas*, 411 U.S. at 802.
[24] *Id.* at 804.
[25] *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007)

6

being threatened with termination due in part to excessive tardiness.[26] Although Kiper resigned, the summary judgment evidence adduced by the Defendants reveals that she resigned after having been advised by the Superintendent that she was recommending Kiper's termination to the APSB. Under these circumstances, the Court finds that there are material issues of fact regarding whether Kiper was constructively discharged.[27] On the record before it the Court cannot conclude as a matter of law or undisputed fact that the Plaintiff was not subject to an adverse employment action.

### 4. *Discriminatory Discharge or Treatment*

The record is devoid of evidence that the Plaintiff was replaced with a person who is not a member of the protected class, or that she was treated differently than similarly situated employees because of her race. The absence of evidence of the fourth element of the Plaintiff's *prima facie* burden under Title VII warrants summary dismissal. However, Defendants did not move for summary judgment on these grounds, hence the Court will engage in the *McDonnel Douglas* analysis.

### 5. *Evidence of Non-Discriminatory Motive*

Title VII does not create a "general civility code for the American workplace".[28] Assuming arguendo, that Plaintiff has satisfied her burden of making a *prima facie* case of Title VII discrimination, her claim fails because she has not rebutted APSB's proffered non-discriminatory reason for termination. The Defendants presented summary judgment evidence that the APSB was going to seek the Plaintiff's termination because of excessive tardiness.

---

[26] Defendants' *Statement of Undisputed Material Facts*, Rec. Doc. 19-1.

[27] "Constructive discharge occurs when an employee has quit her job under circumstances that are treated as an involuntary termination of employment." *Young v. Southwestern Sav. & Loan Ass'n,* 509 F.2d 140, 144 (5th Cir.1975); *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004)

[28] *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80; 118 S.Ct. 998 (1998).

APSB produced summary judgment evidence that the Plaintiff was tardy 79 times during the 2012-2013 school year.[29] The Plaintiff, in unsupported argument, disputes that she was "late 79 times," but she has presented no summary judgment evidence which traverses, challenges, or otherwise calls into question the veracity of the Defendants' summary judgment evidence of repeated tardiness.[30] Furthermore, in her brief, Plaintiff acknowledges that "the true and original document presented indicated 25 tardies."[31] Hence, it is undisputed that the Plaintiff was tardy on at least 25 occasions during the 2012-2013 school year.

When, as here, the employer presents evidence of a non-discriminatory reason for its employment action, the burden shifts to the employee to present evidence from which a reasonable fact finder could conclude that the employer's stated reason for the employment action was a mere pretext for discriminatory conduct.[32] The Plaintiff has not done so.

The Court finds that the Plaintiff has failed to present any evidence whatsoever from which a reasonable trier of fact could conclude that APSB's stated reason for recommending termination (i.e. excessive tardiness) was mere pretext for otherwise discriminatory conduct. Accordingly, the Plaintiff's Title VII harassment claims against APSB shall be dismissed.

C. Title VII Retaliation

"Title VII's anti-retaliation provision, which is set forth in § 2000e–3(a), appears in a different section from Title VII's ban on status-based discrimination. The anti-retaliation provision states, in relevant part:

> 'It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or

---

[29] Rec. Doc. 19-3 (Plaintiff's attendance records).
[30] Rec. Doc. 25-1, p.5.
[31] *McDonnell Douglas,* 411 U.S. at 804.
[32] *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 (1981).

8

participated in any manner in an investigation, proceeding, or hearing under this subchapter.'"[33]

Plaintiff claims that she was retaliated against for seeking her personnel records, for requesting documentation and information concerning her teacher evaluations, and for attempting to file grievances regarding her teacher evaluations.[34] There is no evidence, or even an allegation, that Plaintiff's attempted grievances or her requests for teacher observation data are tangentially or remotely related to allegedly discriminatory employment practices. Title VII's retaliation provision makes it unlawful for an employer to retaliate against an employee because she "has opposed any practice made an unlawful employment practice by this chapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."[35] "Thus, Title VII prohibits retaliation in instances of either protected opposition or protected participation."[36]

Just as "with a discrete discrimination claim, the employer may rebut the plaintiff's *prima facie* case by articulating a legitimate, nondiscriminatory reason for the adverse employment action, and plaintiff then has the burden of demonstrating pretext."[37]

Again, Plaintiff fails to point to any evidence in the record to show that she engaged in protected activity under Title VII. Even assuming that seeking personnel records,[38] requesting teacher observation documentation, and "attempts to aggrieve the teacher evaluation process"[39] somehow constitutes protected activity, Plaintiff's retaliation claims must still be dismissed for failure to rebut APSB's evidence of a legitimate, non-discriminatory reason for the employment

---

[33] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528, 186 L. Ed. 2d 503 (2013).
[34] Gleaned from a liberal reading of the Plaintiff's *Complaint* and summary judgment briefs.
[35] 42 U.S.C. § 2000e–3.
[36] *Alack v. Beau Rivage Resorts, Inc.,* 286 F. Supp. 2d 771, 774 (S.D. Miss. 2003); *Grimes v. Tex. Dep't of MentalMay 21, 2015 Health and Mental Retardation,* 102 F.3d 137, 140 (5th Cir.1996).
[37] *Rowe v. Jewell*, No. Civ.A. 13-5545, 2015 WL 631350 (E.D. La. Feb. 13, 2015).
[38] Rec. Doc. 1.
[39] Plaintiff's *Memorandum in Support of Summary Judgment*, Rec. Doc 15-1.

action taken. Moreover, Plaintiff has failed to carry the more onerous burden of showing that, but for some unlawful motive, APSB would not have taken the employment action.[40]

### D. Hostile Work Environment

The Plaintiff employs the buzz words "hostile work environment" in her *Complaint* and her summary judgement briefs. Given the conclusory and vague nature of these allegations, the Defendants have understandably not moved for summary judgment on this claim. To the extent Plaintiff seeks to state a claim for hostile work environment, Plaintiff fails. The Plaintiff fails to allege any facts whatsoever that, based on her race, she was subjected to unwelcome harassment which affected a term, condition, or privilege of employment.[41]

## CONCLUSION

The Defendants', Ascension Parish School Board, Superintendent, Patrice Pujol, Human Resources Director, Randy Watts, Principal, Dina Davis, and Assistant Principal, Marguerite Ruiz, *Motion for Summary Judgment*[42] is hereby GRANTED. The Plaintiff's *Motion for Summary Judgment*[43] is hereby DENIED. The Plaintiff's claims are dismissed with prejudice.

**It is so Ordered.**

Signed in Baton Rouge, Louisiana, on May 21, 2015.

_____

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[40] *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2533 (2013).
[41] *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002) (citations omitted).
[42] Rec. Doc. 19.
[43] Rec. Doc. 15.