UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RHEA KIPER,
                         Plaintiff,

                                      CIVIL ACTION

                                      No. 3:14-00313-JWD-RLB

VERSUS

ASCENSION PARISH SCHOOL
BOARD; PATRICE PUJOL; RANDY
WATTS; DINA DAVIS; and
MARGUERITE RUIZ ,
                         Defendants.

**ORDER ON PLAINTIFF'S MOTION REQUESTING AN AMENDMENT TO JUDGMENT (DOCUMENT NUMBER 27) OR, IN THE ALTERNATIVE, MOTION TO GRANT RELIEF FROM JUDGMENT**

## I.    INTRODUCTION

Before the Court is the Motion Requesting an Amendment to Judgment (Document Number 27 or, in the Alternative, Motion to Grant Relief from Judgment ("Motion"), (Doc. 28), filed by Ms. Rhea Kiper ("Kiper" or "Plaintiff"). The Motion is opposed by Ascension Parish School Board ("Board"), acting on behalf of itself and its employees, the remaining three defendants (collectively, "Defendants"), in the Memorandum in Opposition to Plaintiff's Motion to Reinstate Case ("Opposition"), (Doc. 30). Having considered the submissions of Defendants and Plaintiff (collectively, "Parties"), as well as their representations at oral argument on January 12, 2016, (Doc. 33), and having applied the standard for a judgment's reconsideration imputed

into the Federal Rules of Civil Procedure,[1] this Coue DENIES the Motion Requesting an

Amendment to Judgment (Document Number 27 or, in the Alternative, Motion to Grant Relief

from Judgment ("Motion"), (Doc. 28).

## II.    BACKGROUND

In an earlier order, this case's factual background has already been summarized by this

Court, (Doc. 27), and no such summation is required for the instant matter's resolution. As such,

this summary focuses on only those events that took place after this Court granted Defendants'

Motion for Summary Judgment on May 21, 2015 ("Order"). (Doc. 26.) On June 18, 2015,

Plaintiff filed the Motion, (Doc. 28), and in accordance with this Court's briefing schedule, (Doc.

29), Defendants tendered the Opposition on June 26, 2015, (Doc. 30). On July 10, 2015, Plaintiff

submitted the Motion to Inform the Court of the Current Status of Procedural Activity Following

Plaintiff's Motion (Document Number 28), Requesting an Amendment/Relief from the Judgment

Entered on May 21, 2015. (Doc. 31.) Oral argument took place on January 12, 2016, (Doc. 33),

in which the Parties echoed the reasons already encapsulated in the Motion and Opposition.

The issue raised by these filing is a simple one to describe.

Generally, Plaintiff contends that she has offered sufficient evidence and arguments to

merit reconsideration of the Order. (Doc. 28.) Citing to the Order, she now maintains that the

Motion must be granted due to the discovery of new facts, evidence, and law. (*Id.* at 4.) For her

failure to previously provide this evidence, she blames "delay[s] in discovery by the

Defendants," delays which prevented her from making "multiple rebuttals"; with evidence

having not been found due purely to Defendants' resistance, "amendment and/or relief are

---

[1] In this opinion, any and all references to "Rule []" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

justifiable." (*Id.*) Crucially, as the Motion acknowledges, the relevant information had been sought beforehand, (*Id.* at 6–17); just as crucially, Plaintiff conceded this fact during oral argument. Insisting that she "was reasonably diligent in attempting to present information to the Court prior" to the Order, she maintains that "attempts toward the completion of discovery were impeded through the delay of discovery by [D]efendants." (*Id.* at 17.) Yet, knowing fully of her various options under the Rules to procure this seemingly relevant evidence, she did not invoke either Rule 26 or Rule 37, as she acknowledged in open court on January 12, 2016. Yet, though asked to explain this absent evidence's seeming relevance, she could only assert a maybe and could not specify precisely how this evidence would have satisfied her obligations under the controlling legal standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and its expansive progeny.

In contrast, Defendants contend that the Motion "makes a conclusory statement that new law and new facts are the basis for her Motion" and "contains the same facts, evidence and law as were previously available to her through due diligence," Plaintiff "merely expound[ing] on her previous arguments and cit[ing] La. R.S. [§] 17:12036 for the first time." (Doc. 30 at 3.) Indeed, according to Defendants, "[t]his Court had all facts, evidence and law before it to make its determination in this matter." (*Id.* at 4.) Thus, Plaintiff has not met the standard for an order's reconsideration set in Rule 60, as "[i]gnorance of rules, ignorance of law, or misconstruction of applicability are not sufficient bases for granting relief in setting aside dismissal." (*Id.* at 3.) Even if the evidence presented is deemed "new," such evidence would only be relevant if it "create[d] a genuine issue of fact that the articulated legitimate reason was mere pretext," as the Board convincingly rebutted the presumption of discrimination under the relevant federal statute. (*Id.* at 4.) Indeed, this Court so expressly ruled. (Doc. 26.) True, the Board's discovery responses may

have been imperfect, but the case's unclear posture at the time and the questionable relevance of the questions and requests propounded justified responses which were never challenged as permitted—and required—under the Rules.

### III. DISCUSSION

#### A. APPLICABLE LAW

Strangely enough, the Rules do not formally recognize the existence of motions for reconsideration. *E.g.*, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Despite this dearth, courts customarily consider such motions under either Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *accord Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Actually, any "postjudgment motion [is] . . . considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 990, 103 L. Ed. 2d 146 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451, 102 S. Ct. 1162, 1166, 71 L. Ed. 2d 325 (1982)). In accordance with binding precedent, a motion for reconsideration is to be granted if any one of four circumstances is shown.[2]

Two bases are most often invoked. Reconsideration should take place if a court (1) is presented with newly discovered evidence or (2) has committed clear error. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Templet v. HydroChem Inc.*, 367 F.3d 473,

---

[2] The same essential test is utilized whether Rule 59 or Rule 60 forms the basis for the motion.

478–79 (5th Cir. 2004) ("[A] motion [for reconsideration] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). As a general matter, therefore, when a court is asked to review its own grant of a motion for summary judgment, reconsideration cannot be had under either Rule 59 or Rule 60 if a plaintiff bore the burden of proof "to demonstrate the existence of a genuine issue of material fact concerning this essential element" and failed to present evidence, then extant, that would have so shown. *See Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). In other words, "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distribs. Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 847–48 (5th Cir. 2006).

Beyond this familiar duo, other grounds have been recognized. Hence, (3) if the initial decision was manifestly unjust, reconsideration is merited. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Lastly, (4) change in controlling law can justify an order's modification. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Other "highly unusual circumstances" may do as well. *Sch. Dist. No. 1J* , 5 F.3d at 1263. Any such further inquiry must account for the fact that "a motion for reconsideration is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources."

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted); *see also ICEE Distribs. Inc.*, 445 F.3d at 847–48; *cf. Messenger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 740, 56 L. Ed. 1152 (1912) (observing that "the practice of courts [is] generally to refuse to reopen what has been decided").

In utilizing this test, courts have repeatedly deemed invalid a number of different grounds often advanced. Such motions may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also, e.g., Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–75 (5th Cir. 1989) (commentating that Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" (internal quotation marks omitted) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982))). Old arguments cannot be reconfigured, robed anew. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 & n.18 (S.D. Tex. 1994) (collecting cases). An "unhappy litigant" cannot enjoy "one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). "Rule 59(e) requires something new and decisive, some blatant injustice, or an obvious error, not substantively identical assertions reechoed." *United States ex rel. Carter v. Bridgepoint Educ., Inc.*, No. 10-CV-01401-JLS (WVG), 2015 U.S. Dist. LEXIS 26423, at *16–17 (S.D. Cal. Feb. 20, 2015) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003); and *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 965 (D. Ariz. 1992); *cf. Fogel v. Chestnut*, 668 F.2d 100, 109 (2d Cir. 1981) ("The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." (internal quotation marks omitted))).

Essentially, as case after case evidences, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (relying on *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004), and *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)), or to "repackage familiar arguments to test whether the Court will change its mind," *Brogdon*, 103 F. Supp. 2d at 1338. It remains, and has always been, a very "limited vehicle." *Petrossian v. Collins*, 523 F. App'x 861, 864 (3d Cir. 2013) (citing to *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

**B.     APPLICATION**

On the basis of this clear law, two of Plaintiff's concessions, both in the Motion and at oral argument, are fatal to her request. First, in her own words, she is seeking to have this Court revisit the Order on the basis of "the discovery of new facts, evidence, and law." (Doc. 28 at 4, 17.) Second, she had sought this information at prior points via a slew of discovery requests, and thought the answers and responses were seemingly inadequate, she had not filed a motion to compel under Rule 26 or a motion for sanctions pursuant to Rule 37 for a party's noncompliance with its obligations under the Rules' fifth title. *See, e.g.*, FED. R. CIV. P. 26, 37. In other words, the evidence and the law had existed before the Order's issuance, and only its discovery by Plaintiff had been delayed, as she, though fully cognizant of her power to compel a response pursuant to Rule 26 and 37, choose not to file the motions necessary for this purportedly relevant information's release before May 21, 2015.

In such situations—the existence of the evidence forming the heart of a motion to reconsider predates the ruling sought to be vacated, and a party not only knew of this evidence

but also deliberately choose not to force its release by means of tools with which he or she was well familiar—the case law's directive is crystal clear: reconsideration is simply not merited, as the information was available and could have been gathered and offered up before the relevant order issued. *See, e.g.*, *Waltman*, 875 F.2d at 473–74. Thus, for purposes of Rules 59 and 60, "newly discovered evidence" is a narrowly construed term, encompassing only data that could not have been unearthed and assembled prior to the ruling sought to be vacated. *See, e.g.*, *Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987). However defective Defendants' response may have been, and regardless of the impropriety, if any, of their conduct, the fact remains that none of the new evidence in the Motion was beyond Plaintiff's reasonable grasp before May 21, 2015. A motion to compel may have been rightly sought—and granted; sanctions may have been asked—and assessed; but once that date passed, any such evidence could not trigger reconsideration pursuant to Rules 59 and 60. *See, e.g.*, *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004).

A second reason buttresses this conclusion. As this Court has itself explained, "to prevail on a motion brought under [Rule] 60(b)(2) based on newly discovered evidence, the movant bears the burden of proving (1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Johnson v. U.S. Dep't of Homeland Sec.*, No. 13-503-JWD-SCR, 2015 U.S. Dist. LEXIS 74787, at *7 2015 WL 3648623, at *3 (M.D. La. June 10, 2015) (internal quotation marks omitted) (citing *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200–01 (5th Cir. 1993)). As a review of the attachments to the Motion shows, none of the evidence that Plaintiff sought would have met her burdens under *McDonell-Douglas*. To wit, not one would have shown her, an African-American teacher, to have been treated

differently than a Caucasian instructor who had a similarly spotted history that Plaintiff has not denied. Even when these latest documents are construed in a light most favorable to her case, they still would not have "clearly" engendered denial of Defendants' Motion for Summary Judgment. *See Johnson*, 2015 U.S. Dist. LEXIS 74787, at *7, 2015 WL 3648623, at *3. In fact, they can be more rightly classified as "conclusory allegations," "unsubstantiated assertions," or "a scintilla of evidence" which cannot be relied upon to oppose a Rule 56 motion. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### IV.   CONCLUSION

As a matter of law, the new evidence summarized in and appended to the Motion existed before the Order issued. Regardless, their cumulative weight does not show the Order to have been inescapably wrong; whether separately or in sum, they are still conclusory and unsubstantiated assertions and thus ineffective to militate against the grant of a motion for summary judgment. In light of these two conclusions, the law leaves this Court with no other option than the Motion's denial. Accordingly, the Motion Requesting an Amendment to Judgment (Document Number 27 or, in the Alternative, Motion to Grant Relief from Judgment, (Doc. 28), is DENIED.

Signed in Baton Rouge, Louisiana, on January 15, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**